IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-CV-00060-RLV
(5:11-CR-00022-RLV-DSC-2)

| | |
|---|---|
| HILDEBERTO GONZALEZ-CHAVEZ, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will be dismissed as untimely.

## I.  BACKGROUND

On April 21, 2011, Petitioner was indicted by the Grand Jury in this District on one count of conspiracy to manufacture, distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One). (5:11-CR-00022, Doc. No. 1: Indictment). Petitioner later pled guilty pursuant to a written plea agreement and he was sentenced to a term of 168-months' imprisonment and he appealed to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 69: Judgment).

On appeal, Petitioner's counsel filed an Anders brief concluding that there were no meritorious issues to present on appeal, but nevertheless questioning whether this Court provided sufficient reasons for denying Petitioner's motion for a downward variance and whether his

1

sentence was reasonable.[1] Petitioner filed a *pro se* supplemental brief which echoed the arguments of his appellate counsel. In rejecting these challenges to his sentence, the Court first examined the Rule 11 proceedings and determined that Petitioner's guilty plea was knowing and voluntary. Next, the Circuit panel considered whether this Court erred in applying a two-level firearm enhancement pursuant to § 2D1.1(b)(1) of the U.S. Sentencing Guidelines Manual (2011), based on the recovery of a firearm in Petitioner's residence. In overruling this argument, the Court noted that Petitioner expressly agreed in his written plea agreement that this two-level increase was applicable and that this enhancement was summarized during the Rule 11 hearing and Petitioner acknowledged that he agreed with the enhancement. Finally, the Circuit panel rejected Petitioner's challenge to his sentence after concluding that it was both procedurally and substantively reasonable. Petitioner's judgment was affirmed in a per curiam opinion. See United States v. Gonzalez-Chavez, 524 Fed. App'x 36 (4th Cir. 2013) (unpublished). On October 7, 2013, the Supreme Court of the United States denied Petitioner's petition for a writ of *certiorari*. Gonzalez-Chavez v. United States, 134 S. Ct. 334 (2013).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] Anders v. California, 386 U.S. 738 (1967).

## III.     DISCUSSION

In his § 2255 motion, Petitioner raises claims of ineffective assistance of counsel which challenge the voluntary nature of his decision to enter into his plea agreement and what Petitioner asserts was his counsel's lackluster opposition to the two-level firearm enhancement. In particular, Petitioner argues that his counsel assured him that he would receive a sentence of 120-months' imprisonment if he signed the agreement, and he contends that his counsel should have challenged the firearm enhancement because there was no evidence that he actually possessed the firearm. (5:15-CV-00060, Doc. No. 1 at 4).

Upon considering Petitioner's § 2255 motion, it would appear that it is untimely, and in fact Petitioner admits as much. (Id. at 9). The Antiterrorism and Effective Death Penalty Act (AEDPA) provides in relevant part that,

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's § 2255 motion is presumed to have been filed on May 5, 2015, which is the day he avers that he placed the motion in the custody of the prison's mailing system. See

Houston v. Lack, 487 U.S. 266, 276 (1988). Petitioner's judgment became final on October 7, 2013, which is the day the Supreme Court denied his petition for a writ of *certiorari*. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Petitioner acknowledges that his § 2255 motion is not timely filed as it was not filed within one year from the date his judgment became final. In Petitioner's case, he must have filed his petition on or before October 7, 2014, or one year after the Supreme Court denied his *certiorari* petition. Petitioner did not file his § 2255 motion until May 5, 2015, at the earliest and it is therefore nearly seven months out-of-time and is due to be dismissed unless Petitioner can show that he is entitled to an equitable tolling of the one-year statute of limitation.

The Court finds however that Petitioner cannot benefit from equitable tolling of the one-year limitation period because it does not appear that he has been diligently pursuing his rights and he fails to present a credible claim that some impediment prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner urges that the merits of his § 2255 motion should be reached and explains that his petition was not timely filed because he had difficulty grasping the nuances of the English language. Petitioner argues that his native language is Spanish and that he had to learn English to a sufficient degree to allow him to articulate and present his present collateral challenges to his trial counsel's performance and that he had a poor grasp of the law such that he could not timely present his legal arguments. (5:15-cv-00060, Doc. No. 1 at 9).

In certain exceptional circumstances, a petitioner may benefit from the equitable tolling

4

of the one-year statute of limitations. A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. at 655 (Altio, J., concurring in part and concurring in the judgment) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The Court finds that Petitioner's contention that his alleged deficiency in the understanding and application of the English language and his lack of understanding of the law is unavailing and will not support an equitable tolling of the one-year limitation period. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[I]gnorance of the law is not a basis for equitable tolling.") (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (holding as a matter of first impression that equitable tolling not warranted where English language skills did not prevent total access to the courts); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (collecting cases which deny relief on such claims as lack of law library, legal representation, and simple lawyer mistake).

## IV.　CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is untimely and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate under § 2255 is **DISMISSED** with prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 27, 2015

Richard L. Voorhees
United States District Judge